## IN RE: ESTATE OF SHORE

Case No. 90-007.01 CP M

Fifteenth Judicial Circuit, Palm Beach County

July 17, 1991

### APPEARANCES OF COUNSEL

**George P. Ord, Esquire,** Alley, Maass, Rogers and Lindsay, P.A., for surviving wife, Beatrice Shore.

**Peter A. Sachs, Esquire,** Jones, Foster, Johnson and Stubbs, P.A., for personal representatives.

### OPINION OF THE COURT

VAUGHN J. RUDNICK, Circuit Judge.

### *FINAL JUDGMENT*

This cause was tried before the court on June 18, 19, 20, 21, and 24, 1991. The case involved consolidated actions concerning the Estate of

Albert Shore. The parties are Beatrice Kanes Shore, the surviving spouse of Albert Shore, and Marjorie Gilbert and Barrie Shore, the daughter and son of Albert Shore from a previous marriage, who are the personal representatives of his estate. Beatrice Shore was represented at trial by George P. Ord, Esq., of Alley, Maass, Rogers and Lindsay, P.A. The personal representatives were represented by Peter A. Sachs, Esq. of Jones, Foster, Johnson and Stubbs, P.A.

Beatrice and Albert Shore were married in February of 1987. Each had been previously married and widowed. Marjorie Gilbert and Barrie Shore are adult children of Mr. Shore's deceased first wife and are now 55 and 59 years of age respectively.

The first of these consolidated actions, given adversary number .01 concerns Beatrice Shore's timely election to take an elective share of Albert Shore's estate. The personal representatives have objected to such election based upon a Postnuptial Agreement of the parties dated May 12, 1989 which contains a waiver of the right to make such election and, alternatively, based upon a Prenuptial Agreement executed February 25, 1987 which contains a similar waiver. Beatrice Shore responds the waiver contained in the postnuptial agreement is invalid because of a lack of fair disclosure in connection with the agreement. Furthermore, she claims that the prenuptial agreement was expressly cancelled by the May 12, 1989 agreement of the parties.

The evidence has shown that this was a late in life second marriage for both parties. Albert Shore loved Beatrice and the marital relationship was a happy one. The marriage was opposed by Mr. Shore's children. An earlier engagement was terminated partly as a result of the children's opposition to the marriage and partly as a result of the failure of the parties to successfully negotiate a prenuptial agreement. Although there was conflicting testimony as to Albert's position with regard to the substantive monetary terms of this proposed agreement, Albert was adamant in opposing financial disclosure in connection with it.

In any event it is clear as of February 25, 1987, the date of the marriage between Beatrice and Albert, and the date of execution of the prenuptial agreement (Trial Exhibit 3), Albert had been advised by more than one lawyer he should make financial disclosure to Beatrice, which he steadfastly refused to do. His behavior in this regard was consistent throughout his life. Albert declined to disclose his assets not only to Beatrice but also, declined to do so to his children, Marjorie and Barrie.

The refusal to disclose was particularly in evidence in connection

**157**

with the negotiations and execution of the Postnuptial Agreement in May of 1989. The postnuptial agreement negotiations, drafting and execution took place over several hours at the offices of Albert's Palm Beach attorney, Arnold Hoffman. Beatrice was not represented at any time during this session. Mr. Hoffman testified on May 12, 1989 Albert, in a somewhat agitated state, called Hoffman, informed him he desired an appointment later that day with Beatrice at Hoffman's office to draft and execute a postnuptial agreement. Albert told Hoffman either during that phone call or in the later meeting in the office that if a postnuptial agreement could not be achieved, he (Albert) was going to breakup with Bea because he was tired of being nagged by Beatrice for changes from the prenuptial agreement. The prenuptial agreement had provided for Beatrice to receive the sum of $125,000 in the event of Albert's death and for her to reside in the Florida marital residence for two years after his death; in the event of a divorce or separation, Beatrice was to receive nothing. In July of 1987, Albert had executed a codicil bequeathing $1,000,000 to Beatrice.

Arnold Hoffman and Beatrice testified that Beatrice's primary request in connection with the postnuptial agreement was for a life estate in the marital residence. Albert declined to do that, citing the opposition of his children, but did agree to increase the occupancy period from two years to three years and increase Mrs. Shore's inheritance to $1,500,000. Again, Beatrice was to receive nothing in the event of a divorce or separation. Mr. Hoffman advised Albert that Florida law required disclosure in connection with a postnuptial agreement but Albert refused to make disclosure. Mr. Hoffman was not even allowed to insert approximate estimates of the parties' worth in the agreement because, according to Hoffman, "my client did not want his wife to have any details concerning his finances and wanted to close the door on this entire subject."

This court finds this waiver of elective share contained in the postnuptial agreement fails because of the lack of fair-disclosure as required by Florida Statute § 732.702(2). The question then arises as to the consequent effect on the like waiver contained in the prenuptial agreement.

The postnuptial agreement contains the following pertinent provisions:

12. This Agreement supersedes and cancels the Prenuptial Agreement between the parties dated February 25, 1987.

and

10. If any part of this Agreement is held to be inapplicable under the

158

law of any jurisdiction, the remainder of this Agreement and its application under the laws of any jurisdiction shall not be affected thereby.

The surviving spouse argues: if paragraphs 12 and 10 of the postnuptial agreement are effective notwithstanding the invalidity of the post-nuptial waiver provision, then the prenuptial agreement is cancelled and Mrs. Shore is entitled to her elective share.

The personal representatives argue: the postnuptial agreement is a substituted agreement in that it was intended to replace the prenuptial agreement. When a substituted agreement is found to be invalid, the prior agreement ordinarily becomes once again enforceable. *Restatement of Contracts,* 2d § 279 states:

> Furthermore, to the extent that the substituted contract is vulnerable on such grounds as mistake, misrepresentation, duress or unconscionability, recourse may be had on the original duty. Thus, if the substituted contract is voidable, it discharges the original duty until avoidance, *but on avoidance of the substituted contract the original duty is again enforceable.* (Emphasis added). *Corbin on Contracts,* § 1293 also provides that the original contract will be resurrected if the substituted contract is set aside.

> On the other hand, the substituted contract may itself be voidable for fraud, infancy or other reasons; and if the power of avoidance is exercised, the avoided contract is nullified both as an executory accord and as a discharge. The prior claim then becomes enforceable.

When the equitable remedy of rescission is invoked, the court attempts to leave the parties in the same position they occupied before they entered into the rescinded agreement. 9 *Fla. Jur.2d Cancellation,* Section 34.

The thrust and intent of the postnuptial agreement was to resolve what the parties would receive in the event of Albert's death. Established equity principles and the equities in this case require the postnuptial agreement be voided in its entirety and the avoided prenuptial agreement be reinstated.

It is to be noted, Beatrice still receives the $1,500,000, plus the use of the Palm Beach condominium for three years, by virtue of the provisions of the codicil which was executed simultaneously with the negotiation and execution of the postnuptial agreement. The validity of

**159**

this codicil has not been challenged by the personal representatives. Accordingly, it is

ADJUDGED:

1. the personal representatives' objection to Beatrice Shore's election to take elective share is sustained. In response to the petition to determine the amount of elective share filed by the personal representatives, the court determines this amount is zero dollars.

2. this court reserves jurisdiction to tax costs.

ORDERED in Chambers at West Palm Beach, Palm Beach County, Florida on July 17, 1991.